Merrick & Tompkins, Henry Crawford, C. O. Hunter, for plaintiffs.

J. K. Richards, Attorney-General, *contra*.

---

## PRACTICE.          211

[Allen Circuit Court, December Term, 1891.]

Beer, Moore and Seney, JJ.

*L. E. & W. R. R. CO. v. MARY KIRCHNER.

**1. ERROR IN REMANDING A CASE LEAVES IT IN CIRCUIT COURT.**

The circuit court reversed the judgment in this case at the cost of the defendant in error, and remanded it to the court of common pleas to be proceeded in according to law, and for execution for costs. The clerk entered the judgment of reversal and the order remanding the cause for execution upon the journal, but failed to enter the order remanding it for further proceedings. No mandate was ordered, or issued, or sent. New pleadings were filed in the common pleas, and judgment recovered by the defendant in error, to reverse which, a petition in error has been filed in the circuit court. This, under Bolles v. Stockman, 42 O. S., 445, leaves the case still pending in the circuit court.

**2. NEW TRIAL IN COMMONPLEAS THEREAFTER IS WITHOUT JURISDICTION.**

The proceedings in the court of common pleas, after the reversal by the circuit court, were without jurisdiction, and the circuit court has no jurisdiction to review.

**3. RECORD MUST SHOW BILLS OF EXCEPTIONS TO HAVE BEEN ALLOWED AS WELL AS SIGNED.**

In order to make a bill of exceptions a part of the record, the journal must show that it was allowed, as well as signed.

Queries: 1. Can the circuit court, by an entry upon its journal *nunc pro tunc*, cure the defect in the original entry?

2. Can a mandate issue upon a corrected journal entry as of the proper date?

3. Can the court of common pleas order such mandate to be recorded on its journal as required by sec. 5239, Revised Statutes, as of a date prior to the proceeding in that court and subsequent to the reversal?

4. If the foregoing corrections can be made and omissions supplied, are they necessary, or will it be presumed that that was done which should have been done?

Error to the Court of Common Pleas of Allen county.

BEER, J.

This case was reversed in this court at its November term, 1890. The journal of the circuit court, page 145, shows this court found there was error in the proceedings of the court of common pleas in this, to-wit: The court of common pleas erred in overruling the demurrer to the petition; and in overruling the motion of the plaintiff in error for a new trial, for the reason that the verdict of the jury was against the evidence.

The journal shows that the court reversed the judgment, set aside the verdict, granted a new trial, and sustained the demurrer. Judgment was entered against the defendant in error for costs, and it was ordered that a special mandate be sent to the court of common pleas for the execution of said judgment.

By reference to the minutes of the circuit court made at the time, it will be seen that this court remanded the case to the court of common pleas to be proceeded in according to law.

---

*The judgment in this case was affirmed by the supreme court without report, June 6, 1893. It is followed by the circuit court in Ohio v. Pugh, *post.*, 707.

Sec. 549, Rev. Stat., provides that the circuit court ·may remand its final orders in cases brought before it on error to the court below for the specific or general execution thereof, as the case may require, and may also remand causes to the inferior courts for further proceedings therein.

Sec. 6726 provides that when a judgment is reversed in the circuit court, it shall send a special mandate to the court of common pleas as the case may require.

Sec. 3331 provides that all judgments and orders must be entered on the journal of the court and specify clearly the relief granted or order made in the action.

This court should have remanded the case to the court of common pleas to be proceeded in according to law. The minutes of the court show such order was made. The journal entry does not show that the cause was remanded to be proceeded in according to law, but shows that it was remanded for execution of the judgment for costs.

After the former judgment was reversed, the plaintiff, by leave of the court of common pleas, filed an amended petition. The defendant demurred—the court overruled the demurrer, and the defendant excepted. The defendant answered, and upon the issues made by the pleadings, the cause was tried to a jury, and a verdict rendered and judgment given for the plaintiff.

How does this leave the case?

A reference to the case of Bolles v. Stockman, 42 O. S. 445, will probably answer the question:

"Where a proceeding in error is prosecuted in the district court to reverse the judgment of the court of common pleas, a judgment reversing the judgment of the common pleas with costs, and remanding the cause to the court of common pleas for execution, is not a final judgment, but it leaves the cause pending in the district court."

It looks as if the case never got out of the circuit court. We can find no mandate, nor no record of a mandate from the circuit court to the court of common pleas.

If a mandate was issued, there was no entry on the journal to authorize it.

If the cause was not remanded, and no mandate was sent to the court of common pleas, did the court of common pleas acquire jurisdiction of it? If not, the amended petition, the action upon the demurrer thereto, and the trial are all in vain.

If the case got to the common pleas, then there is a further trouble. The last journal entry made in the court of common pleas shows that a bill of exceptions was signed, but does not show it was allowed.

The trial judge must allow and sign the bill of exceptions to give it validity. The allowance and signing must appear on the journal, as stated by the supreme court in the case of Hill v. Bassett, 27 O. S. 597. "It must appear from the record outside of the bill of exceptions itself, that a bill of exceptions was, in due time, tendered to, and allowed, signed and sealed by the court and made a part of the record."

It may be suggested that signing a bill of exceptions is an allowance of it. It is not. The statute, sec. 5301, provides, that the bill of exceptions shall be allowed and signed.

Sec. 5302 provides, that the journal shall be kept open and the allowance and signing thereof, entered thereon as of the term.

We have presented questions which arise on the record, but which have not been argued by counsel.

If the court of common pleas had no jurisdiction to try, we have no jurisdiction to review; there is nothing to review—there is no live judgment in the case. If we should be wrong in this, there is no question for review but the one raised upon the demurrer. We cannot suggest what ought to be done.

The plaintiff below might, perhaps, obtain an order in this court, *nunc pro tunc,·* remanding the case to the court of common pleas to be proceeded in according to law.

The defendant below might obtain an entry *nunc pro tunc* in the common pleas, showing the allowance of a bill of exceptions.

The serious question would still remain—how about a mandate from the circuit court to the court of common pleas?

Would an order *nunc pro tunc* in the circuit court breathe the breath of life into such a mandate so as to show jurisdiction in the common pleas to try the case?

If no mandate issued, could one issue, after an order *nunc pro tunc* in the circuit court, so as to relate back to the time when it should have issued, had the proper entry to authorize it appeared upon the journal of this court?

These are, perhaps, difficult questions, upon which we have not heard argument, and upon which we have formed no opinion.

Opportunity will be given counsel before the adjournment of the court to make any suggestions in the case.